BENJAMIN C. BEACH, Respondent, *v.* THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Appellant.

1. MUTUAL BENEFIT ASSOCIATION — WHEN MEMBER ENTITLED TO PERMANENT DISABILITY BENEFIT. A by-law of a fraternal association providing that "a member who by reason of a disability incurred after admission to endowment membership becomes unable to direct or perform the kind of business or labor which he has always followed and by which alone he can thereafter earn a livelihood shall be deemed entitled to disability benefits," entitles a member engaged in farming and the operation of a saw mill, who by an accident has become permanently disabled and

unable to follow his usual occupations, to the benefit specified in his certificate of membership.

2. MEMBER'S CONTRACT AS EXPRESSED IN CERTIFICATE CANNOT BE ABROGATED BY A SUBSEQUENT BY-LAW. A stipulation in the certificate of membership that "In case of permanent or total disability, or upon attaining the age of seventy years he (the member) will be entitled to receive one-half of said endowment, as provided in the by-laws of the order," is an absolute contract to pay one-half of the amount named in the certificate on disability "as provided in the by-laws of the order" not as may be provided in the by laws of the order, and without the consent of the member cannot be impaired by a subsequent by-law providing that " * * * Any member holding a benefit certificate who shall become totally *and* permanently disabled from any cause, not the result of his own illegal act, to perform or direct any kind of labor or business * * * shall be entitled to receive from ·the disability fund, annually, one-tenth part of the sum for which his benefit certificate is issued," although the constitution of the society reserved the right to amend the by-laws governing the endowment fund: nothing less than an explicit statement in the certificate itself that the payments therein specified would be subject to such modification as to amounts, terms and conditions of payment and contingencies in which the same were payable as the endowment laws of the order from time to time might provide, will render such by-law applicable to an existing member.

*Beach* v. *Supreme Tent of Knights of Maccabees,* 74 App. Div. 527, affirmed.

(Argued June 16, 1903; decided January 5, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 22, 1902, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James L. Quackenbush* for appellant. The plaintiff did not establish a case of total disability within the terms of the law as it was amended before he was injured. (*Supreme Tent* v. *King,* 79 Ill. App. 145; *Hutchinson* v. *Supreme Tent,* 68 Hun, 355; *Knapp* v. *P. M. Ins. Co.,* 53 Hun, 84; *Slaveland* v. *F. & C. Co.,* 67 Wis. 174; *Albert* v. *Supreme Council,* 34 Fed. Rep. 721; *Rhodes* v. *R. R. P. Co.,* 5 Lans. 71; *Sawyer*

v. *U. S. C. Co.*, 1 Bigelow, 271; *Lyon* v. *R. R. P. Co.*, 46
Iowa, 631; *U. S. Assn.* v. *Millard*, 43 Ill. App. 148.) The
plaintiff was bound by the amendment of 1895 and his right
to recover is to be determined by the provisions of the law as
amended. (*Shipman* v. *P. H. Circle*, 174 N. Y. 398; *Stoker*
v. *M. F. Society*, 82 Cal. 558; *Hutchinson* v. *Knights of
Maccabees*, 68 Hun, 360.)

*George E. Spring* for respondent. This indemnity contract
is to be determined by the application, policy of insurance
and by-laws in force April 27, 1887. (*McNeil* v. *S. T. R.
Assn.*, 40 App. Div. 581; *Matter of E. R. F. L. Assn.*, 131
N. Y. 354; *Sabin* v. *Phinney*, 134 N. Y. 423, 428; *Parish* v.
*N. Y. P. Exchange*, 169 N. Y. 34.) The right reserved to
make by-laws means only the power to make reasonable
by-laws. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 182;
*Parish* v. *N. Y. P. Exchange*, 169 N. Y. 34; *Weber* v.
*Supreme Tent, etc.*, 172 N. Y. 490; *F. L. & T. Co.* v. *Aberle*,
19 App. Div. 79; *Weiler* v. *E. A. Union*, 92 Hun, 277;
*Deuble* v. *Grand Lodge*, 66 App. Div. 323; 172 N. Y. 665;
*Langan* v. *Supreme Council*, 174 N. Y. 266; *McNeil* v.
*S. T. R. Assn.*, 40 App. Div. 581; *Neil* v. *United Friends*,
78 Hun, 265; 149 N. Y. 430; *N. A. Society* v. *Taylor*, 42
Ill. App. 197.)

CULLEN, J. This is an action brought to recover on a
certificate of membership issued by the defendant, a fraternal
or mutual benefit organization. The certificate stated that
the plaintiff would be entitled to receive one assessment on
the members of the order not exceeding two thousand dol-
lars as a benefit to his wife upon satisfactory proof of his
death. It contained this further provision: "In case of
Permanent *or* Total Disability, or upon attaining the age of
seventy years, he will be entitled to receive one-half of said
endowment, as provided in the laws of the Order." When
the plaintiff joined the order the endowment laws provided
(§ 13, art. 4): "A member who by reason of a disability

incurred after admission to Endowment membership becomes
unable to direct or perform the kind of business or labor
which he has always followed, and by which alone he can
thereafter earn a livelihood shall be deemed entitled to dis-
ability benefits." In 1895 this provision was amended so as
to read (§ 188): "Any member holding a benefit certificate
who shall become totally *and* permanently disabled from any
cause, not the result of his own illegal act, to perform or
direct any kind of labor or business   *   *   *   shall be enti-
tled to receive from the disability fund, annually, one-tenth
part of the sum for which his benefit certificate is issued."
The plaintiff was a farmer and a part of the time operated
a portable saw mill. In 1895, after the adoption of the
amendment referred to, his right arm was almost severed by
a saw. As a result of this injury the arm became practically
useless. The plaintiff testified that he was unable to do any
work on the farm or at the saw mill. At the close of the
evidence each party requested the direction of a verdict. The
court granted the application of the plaintiff and directed a
verdict in his favor for one thousand dollars and interest,
half the amount payable under the certificate in case of death.

As the appellant did not request the cause to be submitted
to the jury he assented to the determination by the court of
any question of fact that the evidence presented. The evi-
dence warranted the finding that the plaintiff was perma-
nently disabled within the terms of the by-laws as they stood
at the time he joined the order. The language of the by-law
is quite similar to that construed in the case of *Neill* v. *Order
of United Friends* (149 N. Y. 430). In that case the endow-
ment was payable if a member became disabled "from fol-
lowing his usual or some other occupation by reason of
accident and disease." The plaintiff, a brakeman, had his
foot crushed by an accident. It was contended for the
defendant that though the injury may have rendered him
unable to act as brakeman he was not disabled "from follow-
ing some other occupation." It was held that "some other"
occupation was to be construed in connection with the pre-

vious provision of "usual" and did not mean "any other occupation." The opinion there delivered by Judge Haight covers the whole subject and renders further discussion of the subject unnecessary. Therefore, if the plaintiff's rights were unaffected by the subsequent amendment of the by-laws the decisions of the courts below were clearly right.

We have quite recently reiterated the doctrine that a general power reserved either by statute or by the constitution of a society to amend its by-laws does not authorize an amendment impairing the vested rights of the members. (*Parish v. N. Y. Produce Exchange*, 169 N. Y. 34; *Weber v. Supreme Tent K. of M.*, 172 N. Y. 490.) It is contended that the power of the defendant in this case was enlarged because the constitution of the order at the time the plaintiff joined reserved the right to amend the laws governing the endowment fund. It may be doubted whether this was intended to cover the case of existing members or was applicable solely to those who should join the order after the amendments. But giving this provision the broadest construction we are of opinion that it would not relieve the defendant from liability. The contract expressed in the certificate is absolute. It is to pay one-half of the certificate on disability "as provided in the laws of the order," not as may be provided in the laws of the order. A reference to the laws of the order informed the plaintiff at the time he joined the order of the character of the disability which entitled him to receive half the amount of the certificate, and there was no provision therein to the effect that the payment was not to be immediate but in annual installments. As said by Judge Gray in *Langan v. Supreme Council American Legion of Honor* (174 N. Y. 266): "It was beyond the power of the defendant to affect the obligation expressed in the certificate, without the consent of its holder." The constitution and laws of the defendant constitute a book of over ninety pages and the provision authorizing an amendment of the endowment laws is found not in the endowment laws but in a brief section in the constitution. It has been held in the case of railroad bonds that if the bonds and

trust deed contain inconsistent provisions, those contained in the bonds must prevail over those contained in the deed, for the reason that it is the provisions of the bonds that meet the eye of a purchaser and induce the purchase. (*Rothschild* v. *Rio Grande Western Railway Co.*, 84 Hun, 103; affirmed on opinion below, 164 N. Y. 594.) The same principle was applied by this court and the case last cited approved in *Imperial Shale Brick Company* v. *Jewett* (169 N. Y. 143). In that case there was issued to the plaintiff a certificate insuring it " under and subject to the conditions of Open Policy No. 4007, issued by the Buffalo Fire and Marine Underwriters of Buffalo, N. Y." The policy proved to be one issued by individual writers, each one obligating himself only for his aliquot share of the loss. It was held that the terms of the certificate prevailed over those of the policy and as the certificate represented a single indemnity for the whole loss the liability of the underwriters was joint despite the terms of the policy. Under the doctrine of these cases we think that the obligations assumed by the defendant in its certificate of membership should not be impaired by provisions of the constitution and laws of the order to which the attention of the member might never be called, or, at least, they should not be cut down under the reservation of the power to amend. It is quite easy for fraternal organizations, such as the defendant, if they deem the provisions for benefits to their members tentative only and desire to have them subject to such modification as the business of the orders may require, to express that in the certificate. So, in the present case, if the certificate had provided that the payments therein specified should be subject to such modification as to amount, terms and conditions of payment and contingencies in which the same were payable as the endowment laws of the order from time to time might provide, the amendments would be applicable to existing members. But I think that nothing less explicit than this appearing in the certificate itself should be effectual for such a purpose. Fairness to persons joining the order required such plain dealing.

The case of *Hutchinson* v. *Supreme Tent K. of M.* (68 Hun, 355) is not in point. There the learned court held that the plaintiff could not recover at all under the endowment laws as they existed at the time he joined the order. The claim was made to rest solely on the amended by-laws and, of course, claiming under the amended by-laws, the plaintiff was subject to the provisions of the amendment which changed the payment of the benefit from a gross sum to annual installments.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and WERNER, JJ., concur; HAIGHT, J., dissents.

Judgment affirmed.