SUPREME COUNCIL A. L. H. v CHAMPE.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1904.)

No. 1,234.

1. FRATERNAL LIFE INSURANCE—ARBITRARY CHANGE OF CONTRACT—ESTOPPEL OF MEMBER BY PAYMENT OF ASSESSMENTS.

A member of a fraternal insurance association, which passed an invalid by-law attempting to arbitrarily reduce the amount payable on the certificates of its members on their death, did not assent to such reduction, nor preclude the beneficiary from recovering the full amount named in his certificate on his death, by paying the reduced assessments after notice of the adoption of the by-law, where the association refused to receive any larger payments, and where, on making the first payment, he notified the association by letter that he did not ratify or consent to the reduction.

**2. SAME—ACTION ON POLICY—EVIDENCE.**

Where it was shown that the deceased wrote the letter giving such notice to the association, and made a press copy of the same, which he gave to plaintiff, and there was evidence also tending to show that he mailed the letter with the assessment, and the association admitted the receipt of the assessment, and did not deny the receipt of the letter, it was not error to admit the press copy in evidence; the question whether the original was mailed, or not, being one for the jury.

**3. SAME.**

A letter written by the secretary of the association to a collector after the by-law went into effect, advising him that the association would not receive assessments in excess of those made under such by-law, and directing him to return the excess which he had accepted from certain members, was admissible in evidence to show the association's position, and to excuse the failure of deceased to tender amounts in excess of the assessments required under the by-law.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

J. H. Frantz (Wright & Frantz, of counsel), for plaintiff in error.
Chas. Hays Brown, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. Benjamin F. Champe became in September, 1881, a member of the fraternal and beneficial order known as the American Legion of Honor, and, as a "companion of the sixth degree," took and held, from that time on, a benefit certificate or insurance policy of $5,000, payable on his death to his wife, the plaintiff below. He died January 8, 1902, and this suit was to collect the full amount due on this certificate. The defendant below, having tendered $2,000 when the proofs of death were filed, resisted the payment of any further amount on the ground that in August, 1900, at a meeting of the supreme council of the order, at which the deceased member was present by the representatives from his state, a by-law, known as "By-Law 55," was adopted, which reduced the amount to be paid on any benefit certificate of more than $2,000, whether theretofore or thereafter issued, to $2,000, and that the deceased, being duly notified of the passage of this by-law, agreed to and acquiesced in the same, and from October 1, 1900, when it took effect, paid his dues and assessments on the basis of a $2,000 certificate. For replication, the plaintiff below submitted that by-law 55 was illegal and void, and averred that her husband had never agreed to, or acquiesced in, the same, but had protested against the attempt to cut down his policy without his consent, and had paid the assessments on the lower basis only because they were the only assessments he was required or permitted to pay. At the conclusion of the evidence, the court declined to direct a verdict for only $2,000, and instructed the jury that by-law 55 was invalid and void, but left it to the jury to say whether the deceased member had agreed to, and acquiesced in, the change of his certificate from $5,000 to $2,000. The jury found in favor of the plaintiff for the full amount, and, the court having declined to set aside the judgment, the case is here on error; the assignments going to the refusal of the court to instruct as requested, and to the admission of certain testimony bearing upon the question of acquiescence.

The attempt of this order, by the passage of by-law 55, to reduce its certificates, and thus repudiate, in part, its obligations, has already been held to be in gross violation of the contractual rights of the members affected, and their beneficiaries, and therefore invalid and void. Supreme Council of American Legion of Honor v. Getz, 112 Fed. 119, 50 C. C. A. 153. An insurance certificate or policy is not a one-sided thing. It takes two to make it, and two to unmake it, and there are rights and obligations on both sides. Champe became a member of the Centennial Council of the order, at Nashville, in 1881, and at that time, when he was about 40 years old, took out the certificate for $5,000 on his life. In March, 1897, the membership of the Centennial Council having dwindled below the number required to do business, Champe was transferred to the Alpha Council, of Boston, and, from that time on, paid his dues and assessments to it, through its collector. From September, 1881, to October, 1900, when by-law 55 went into effect, he paid his assessments on the $5,000 basis. The last monthly assessment he paid was $18.60. If the preceding assessments were the same, he had paid, not including dues, at the rate of $223.20 a year, or, in the 19 years, over $4,000. Having thus paid the order enough money to equal, with interest, the face of his $5,000 certificate, the sole question submitted to the jury was whether, when notified of the passage of by-law 55, he agreed to, and acquiesced in, the invalid effort to cut his certificate 60 per cent., and pay his widow but $2,000, although he had already paid the order more than $4,000.

When Champe got the notice, in September, 1900, that by-law 55 had been passed, and future assessments would be received only on the $2,000 basis, he was naturally deeply concerned (his health being then impaired); and he consulted his wife and brother-in-law, Stahlman, and, with their knowledge and approval, along with the new assessment of $7.44 on the reduced basis, transmitted by mail (as plaintiff claimed) to the collector at Boston the following letter:

"Nashville, Tenn., Oct. 29, 1900.

"Mr. L. B. Poole, Collector A. L. of H., Boston, Mass.—Dear Sir: Enclosed find money order for $7.44, being all that I am permitted to pay on my benefit certificate of $5,000 (which I refuse to surrender). The payment being made upon the basis of $2,000, but in paying it I do not ratify the action of the Supreme Council, A. L. of H., in reducing the amount of my benefit certificate of $5,000 to $2,000, but I pay the $7.44, being all that I am required or permitted to pay.

"Very respectfully, [Signed] B. F. Champe.
"Enc."

It was admitted by the defendant that on October 29, 1900, the date of the letter, there was issued to B. F. Champe, at Nashville, a money order for $7.44, payable to "L. B. Poole, Collector A. L. of H., Boston, Mass."; and Miss Poole, the collector, testified she received this money order, but she was unable to say whether she did or did not receive the letter. She would not, however, swear that she did not receive it. Mrs. Champe testified that her husband brought her a press copy of the letter, the signature to which she identified as his, and told her that he had mailed it with the assessment. Stahlman testified that the deceased consulted him, that the letter was written in conformity with his suggestion, and that he saw the original. The

witness was quite sure that, when the deceased showed him the letter, he also showed him the post-office order which the letter called for, and that he enclosed the letter and post-office order in a stamped envelope, addressed to the collector at Boston, and sealed the same, going immediately after the interview direct to the post office to mail it. While the witness did not see the deceased mail the letter, the latter stated upon his return that he had mailed it, and some days thereafter showed the witness the card acknowledging the receipt of the post-office order for $7.44. In view of these facts, we are unable to perceive any valid ground for the objection to the introduction of the press copy of the letter. Both Mrs. Champe and Stahlman testified that the deceased had consulted with them, and decided to send along with the assessment a letter protesting against the reduction of his certificate. Stahlman saw the original that was to be mailed. If the letter was mailed, and received, it was the fault of the defendant that it was not produced. The collector would not swear it was not received. In default of the original, the court properly permitted the press copy to go in. Whether the original was mailed, or not, was a question for the jury.

It is also urged the court erred in admitting a letter written by the supreme secretary of the order to the collector of the council at Knoxville. This letter was written November 8, 1900, immediately after the receipt of the first assessment collected under by-law 55. The collector at Knoxville had accepted and transmitted certain assessments in excess of what was due on the $2,000 basis. The letter denounced his action as illegal, and directed him to return the overpayments immediately; stating that, since the fixing of the maximum death benefit at $2,000, assessments in excess could not be accepted. The letter was introduced solely to show the position taken by the general council with respect to the receipt of assessments after by-law 55 went into effect. The court did not err in admitting it. Such being the rule laid down by the supreme authority of the order, it was not necessary, and would have been a vain thing, for the deceased to tender amounts in excess of the assessments required. Supreme Council, A. L. of H., v. Orcutt, 119 Fed., 682, 687, 56 C. C. A. 294.

The judgment of the court below is affirmed.