MONGER *v.* NEW ERA ASSOCIATION.[1]

1. INSURANCE — PROOF OF DEATH — WAIVER — MUTUAL BENEFIT
   ASSOCIATIONS.
   > The refusal of the secretary of an insurance company to for-
   > ward blanks for proving the death of a member, does not
   > operate as a waiver of a rule requiring such proof to be made,
   > or a denial by the company of the claim, where the reason
   > given for the refusal was that the membership of the de-
   > ceased had ended prior to his death. *Fillmore* v. *Knights of
   > Maccabees,* 103 Mich. 437, and 109 Mich. 13, followed.

2. SAME — VESTED INTEREST — BY-LAWS — RETROACTIVE EFFECT —
   CONSTRUCTION.
   > A member of a fraternal beneficiary society cannot be deprived
   > of vested rights under his contract with the company by a
   > by-law enacted subsequently to the issuance of his certificate
   > except by agreement of the parties.

3. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACT—IMPAIRMENT
   —VESTED RIGHTS—CHANGE OF REMEDY.
   > Where no tribunal was provided for by such corporation to ad-
   > just claims, and a by-law was enacted subsequent to the exe-
   > cution of the contract of insurance creating such a tribunal,
   > and where the contract contained a provision incorporating
   > in its terms laws thereafter to be legally enacted, the obliga-
   > tion of the contract was not impaired, nor vested rights
   > affected.

4. BY-LAWS—REASONABLENESS—LEGALITY—MUTUAL BENEFIT IN-
   SURANCE.
   > A by-law creating a tribunal for adjudicating disputed claims,
   > and applying to members having pre-existing contracts, is
   > reasonable.

5. INSURANCE — MUTUAL BENEFIT ASSOCIATIONS — CONSTRUCTION
   OF BY-LAWS.
   > Such by-law operates retrospectively when it appears that it
   > was the plain intention of the association to include all mem-
   > bers.

[1]Rehearing denied July 15, 1909.

6. SAME—ACTIONS—EXHAUSTION OF REMEDIES.
   The remedies provided for by the laws of a beneficiary society must be exhausted before the institution of suit.

Error to Berrien; Coolidge, J. Submitted November 11, 1908. (Docket No. 178.) Decided May 26, 1909.

Assumpsit by Maria Monger against the New Era Association on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Reversed.

*Kleinhans & Knappen*, for appellant.

*John J. Sterling* (*William C. Hicks*, of counsel), for appellee.

McALVAY, J. The plaintiff, as assignee of the beneficiary named in a certain benefit certificate of $1,000, issued to Llewellyn Monger, deceased, by defendant association, a Michigan corporation, brought suit to recover the same. She recovered in the circuit court a judgment for the amount of the certificate. This court is asked to reverse this judgment, principally upon the ground that plaintiff, before resorting to her suit at law, did not have her claim adjudicated in the properly constituted tribunals of the order, and that the court erred in refusing to so charge the jury, and in refusing to instruct a verdict for defendant. Upon the facts which bear upon this proposition there appears to be little or no dispute. They are, briefly stated, as follows: The benefit certificate in suit was issued to Llewellyn Monger, September 1, 1900. He then resided at Benton Harbor, Mich. Later he removed to Waterville in the State of Washington, where he died March 21, 1905. The certificate upon which the claim is based reads as follows:

"This certificate, issued by the New Era Association, a corporation organized and doing business under the laws of the State of Michigan, witnesseth, that Llewellyn Monger, a member of Branch Board No. 22, located at Benton Harbor, State of Michigan, is, while in good standing in

this association, entitled to participate in the benefit and equalizing funds, to an amount not to exceed one thousand dollars, which shall be paid at his death to Ina F. Monger, related to him as wife, subject to all the conditions of the constitution and laws of this association, and liable to forfeiture if said member shall not comply with said conditions, constitution and laws, and such as may hereafter be legally enacted by this association. This benefit certificate is accepted upon the additional warranties, conditions and agreements printed upon the back of this certificate, which are a part of the same."

His widow, the beneficiary, assigned her interest in the certificate to the plaintiff, his mother. On July 13, 1905, Mr. Sterling, representing the beneficiary, and now attorney for plaintiff, sent the following letter to defendant:

"*Gentlemen:* Llewellyn Monger holder of certificate No. 3330, amount one thousand dollars (1,000) in your association, beneficiary of which is Mrs. Ina F. Monger, wife of the insured, is dead. Will you kindly forward me blanks to make proofs of death so that the beneficiary can forward same to you, that your company may pass upon and settle her claim? Thanking you in advance for these blanks, and trusting that I may receive them promptly, I remain very truly yours."

Defendant replied July 15th as follows:

"*Dear Sir:* Your favor of the 13th at hand regarding the death of Llewellyn Monger. We inclose the preliminary death notice which you will have B. F. Wells, our local treasurer, fill out and send to this office. Upon the receipt of this notice we will mail the full set of blanks."

This preliminary death notice, as filled out and signed, reads:

"PRELIMINARY DEATH NOTICE.
"NEW ERA ASSOCIATION,
"Grand Rapids, Michigan.
"*Gentlemen:* I have to report to you the death of Llewellyn Monger, State of Washington, which occurred some time in early spring 1905. The cause is reported to be accident, which I believe is true.
[Signed] "B. F. WELLS, Treasurer.
"Dated at Benton Harbor, Mich., July 18, 1905."

This notice, on the date it is signed, was forwarded to defendant in a letter, by Mr. Sterling, in which he stated:

"I herewith return same to you, and trust I may receive full set of blanks for proving death of Llewellyn Monger at once."

Receipt of this notice and letter was acknowledged by a letter of defendant July 20, 1905, signed by the general secretary, in which he said:

"In reply would say that Mr. Llewellyn Monger ceased to be a member of the New Era Association last fall, consequently there can be no claim upon the society."

These are all the communications which passed between the parties prior to suit brought. The blanks requested by plaintiff's attorney were never furnished.

The language of the laws of defendant's association at the time of Mr. Monger's death was practically identical with the laws of other fraternal benefit orders, as to the tribunals established, and the mode of procedure for adjudicating claims, which have several times been considered by this court. The record shows that neither the beneficiary nor the claimant made any further attempt to bring this claim before the tribunals of the order. Unless we can hold that the action of the general secretary was a waiver of the laws of defendant, or a rejection and denial of her claim, the contention of defendant must be held good, and the case must be controlled by *Fillmore* v. *Knights of Maccabees*, 103 Mich. 437, 109 Mich. 13; *Hoag* v. *International Congress*, 134 Mich. 87; and *Harris* v. *Typographical Union*, 144 Mich. 422. We are unable to distinguish the case at bar in this particular from *Fillmore* v. *Knights of Maccabees*, supra. In that case blanks were not furnished, and the executive committee empowered to consider the claim refused to act. The letter in that case refusing claimant blanks stated that Mr. Fillmore was not, at the time of his death, in good standing, and therefore there was no necessity for sending blank proofs of death. This was the reason given

by defendant's general secretary in the case at bar. It was held in the *Fillmore Case* that the committee had expressly waived proofs of loss. While that case was first before this court upon an appeal in a chancery cause, where complainant sought to set aside a resolution expelling her husband, and to compel payment of a certificate, and later for leave to file a bill of review, the principal question decided was that a beneficiary, unless refused a hearing, or prevented by fraud or oppression on the part of the organization, must exhaust the remedy prescribed by the charter and by-laws before resort can be had to the civil courts.

Counsel for plaintiff do not dispute the legality of a contract wherein the member has agreed to be bound by future legally-enacted laws. They, however, insist, by cogent argument, that no change which deprives a member of a vested right, or which is unreasonable, can be said to have been legally enacted, which, applied to the case at bar, means that the right which this member had at the time he was admitted to proceed in the civil courts to enforce any claim under his certificate was a vested right, of which he could not be deprived by subsequent enactment. We think that if his rights were of the nature claimed the contention must be conceded as correct. This court has held such to be the law. The most recent case in which the question arose is *Wineland* v. *Knights of Maccabees*, 148 Mich., at page 617, in which this court, in discussing the legality of such after-enacted laws, said:

" In so far as arguments have been addressed to the point that the parties to a mutual benefit certificate may expressly agree to be bound by after-enacted by-laws, they are answered in favor of the validity of such contracts by a previous decision of this court (*Borgards* v. *Insurance Co.*, 79 Mich. 440), and we think by the weight of authority (*Ross* v. *Modern Brotherhood of America*, 120 Iowa, 692; *Supreme Commandery K. of G. R.* v. *Ainsworth*, 71 Ala. 449; *Beach* v. *Supreme Tent K. of M.*, 177 N. Y. 100, 105; 1 Bacon on Benefit Society & Life

Insurance [3d Ed.], §§ 185–188). See collection of cases in note to *Supreme Council Am. L. of. H.* v. *Champe*, 127 Fed. 541, 63 C. C. A. 282. Such an agreement being found, and there can be no doubt that it was made in the present case, the effect of the particular by-law upon the particular member depends upon whether it was one which the association might lawfully make; whether it should be applied retroactively; whether it disturbs vested rights; whether it is reasonable—some or all of which considerations, and others, may be, notwithstanding the agreement, involved in any case."

In the change of the laws of the defendant association, made after plaintiff's decedent had become a member, no change was made in any specific part of the certificate. The constitution and laws theretofore had been silent as to the enforcement of claims against it. This change provided that all claims must be submitted to the tribunals established within the association to pass upon them. It is a general rule of construction that laws are intended to operate prospectively. This rule is subject to the exception that, if the intention that the legislation is to operate retrospectively clearly appears, then it will be so construed. We think in this case it may be said that such intention clearly appears. This body voted to amend its governing laws, after it had been in existence several years, in the matter of the adjudication of all claims against it in its own tribunals, thereby affecting every person a member of the association at that time. What the number of members was does not appear, but the certificate number of this member, issued two years previous, was 3,330. That the intention was to exempt all the membership from the operation of this legislation will not be presumed. In fact the contrary intent is obvious. Before this enactment, as far as the record discloses, there was no provision relative to proceedings to collect claims or losses from the association. A member or beneficiary was left to his remedy in the civil courts. The amendment established a tribunal within the association. No term of the contract was changed. No attempt was made to limit a recovery,

or repudiate a contract.    A different remedy was provided
for the adjudication of claims against the association.    If
this amendment was in fact a mere change in procedure
or remedy, then the change cannot be said to have im-
paired the obligation of this contract, or plaintiff's rights
under it; nor can the claimant be said to have been de-
prived of a vested right.    6 Am. & Eng. Enc. Law (2d
Ed.), p. 947, and notes; 8 Cyc. p. 916 et seq.

A diligent examination of all the cases available, where
the question of after-enacted legislation by mutual benefit
associations, and like bodies, has been passed upon, dis-
closes no case where the point involved is identical with
the case at bar.

Our conclusion is that this after-enacted legislation was
reasonable; that it pertained to, and was within the
authority of, the organization to enact; that it did not de-
prive this member of any vested right.    It was binding
upon him and his beneficiary, and within the terms of his
voluntary agreement with the association.    Therefore this
claim should have been submitted to the tribunals estab-
lished by the association.    In the case at bar plaintiff did
not exhaust her remedy as provided by the laws of the
association, to which Mr. Monger had by agreement
bound himself.    The case at bar and the *Fillmore Cases*
are distinguishable from the case of *Gnau* v. *Accident
Ass'n*, 109 Mich. 527, which the trial judge relied upon.
In the latter case the laws of the association provided for
an arbitration to settle a disagreement between the parties.
This court held upon that record that the question as to
the waiver of a right to arbitrate by defendant was a
question of fact, properly submitted to the jury.    The
court said:

" It is apparent that there was no request or desire on
the part of defendant to have the claim arbitrated.    *    *
*    The court very properly left the question of the waiver
of such provision of the contract to the jury to determine."

And again:

" The whole correspondence shows a desire to delay the payment and put the claimant off until the time in which suit could be brought had expired."

Arbitration was the only method provided in the certificate to settle such disputes. In the *Fillmore Cases*, as in the case at bar, there had been waiver only of certain proofs of loss, and not of any method of determining liability.

The other questions raised upon this record need not be discussed.

It follows that the judgment must be reversed, and a new trial ordered.

Montgomery, Ostrander, Moore, and Brooke, JJ., concurred.