GREEN v. SUPREME COUNCIL OF ROYAL ARCANUM.

(Supreme Court, Special Term, Kings County.   July 14, 1910.)

1. INSURANCE (§ 719*)—MUTUAL BENEFIT INSURANCE—RIGHT TO INCREASE AS-
   SESSMENTS.
   An agreement by a member of a mutual benefit association to be gov-
   erned by the rules and regulations of the organization in force at the
   time or that may be hereafter enacted does not warrant the society in
   increasing the amount of the separate assessments against him.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855;  Dec.
   Dig. § 719.*]

2. INSURANCE (§ 735*)—MUTUAL BENEFIT INSURANCE—RESTRAINING ADVANCE
   IN ASSESSMENTS.
   A member of a mutual benefit society is not barred by laches from
   restraining the society from increasing his monthly assessments by failure
   to sue to restrain the society for a few months after the increase had
   gone into effect, where he had regularly protested against the increase,
   as he has a new cause of action with every assessment demanded.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 735.*]

3. INSURANCE (§ 735*)—MUTUAL BENEFIT INSURANCE—ADVANCE IN ASSESS-
   MENTS—ESTOPPEL OF MEMBER.
   A member of a mutual benefit society is not estopped by payments of
   increased assessments made under protest to sue to restrain the society
   from suspending him, and asking the re-establishment of the former rate
   of assessment.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 735.*]

4. INSURANCE (§ 712*)—MUTUAL BENEFIT INSURANCE—CONTRACT—WHAT LAW
   GOVERNS.
   Where a mutual benefit society is incorporated in another state, and
   conducts business in New York under the supervision and permission
   of the State Insurance Department, contracts made with residents of
   the state in councils organized and existing in the state, which contracts
   are to be performed here, are to be interpreted under the laws of the
   state.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 173–175, 293,
   1934;  Dec. Dig. § 712.*]

Action by Samuel Green against the Supreme Council of the Royal Arcanum.   Judgment for plaintiff.

F. J. Moissen, for plaintiff.
Henry A. Powell, for defendant.

KELLY, J.   There is nothing which I can add to the legal litera-
ture affecting the question before the court in this case.   From the
view I take of the recent decisions of the Court of Appeals in Wright
v. Maccabees, 196 N. Y. 391, 89 N. E. 1078, and Dowdall v. C. M.
B. Ass'n, 196 N. Y. 405, 89 N. E. 1075, it has been settled as the
law in this state that a general power reserved by a society like the
defendant to amend its by-laws or constitution does not authorize an

increase in the amount of the assessment on the individual member fixed in the original contract of the parties. This contract is found in the application for membership, the by-laws in existence at the time, and the certificate issued to the member. Beach v. Maccabees, 177 N. Y. 100, 69 N. E. 281. An agreement on the part of the member to be governed by the laws, rules, and regulations of the organization in force at the date of his admission, "or that may be hereinafter enacted by the Supreme Council to govern said council and fund" (the fund in the case at bar being the widows' and orphans' fund made up from the assessments levied on the individual members), is not sufficient to warrant the society in increasing the amount of the individual assessment. It is not sufficiently definite and explicit. A change in the law governing the council or the widows' and orphans' fund might well be necessary or desirable and be referred to in the original contract with propriety, but such reference falls short of an agreement by the applicant that the society should have an unlimited reserved power to increase the amount of the assessment to an extent which might be prohibitive and could only result in depriving the individual of his membership.

In the case at bar, the original assessment agreed upon was $1.80. This was in 1883. In 1898 the number of assessments was changed so as to be one a month, and the rate was raised to $3.16. The plaintiff agreed to this change. In 1905 the Supreme Council increased the rate to $6.80, one assessment every month. The plaintiff objected and has been paying under protest ever since. In February, 1910, he sent a check for $3.16 to pay an assessment then levied, and it was refused. He thereupon commenced this action to enjoin defendant from suspending him and asking a judgment establishing the $3.16 rate as the fixed amount to be paid by him. It may be noted that the defendant has expressed its intention to again increase the amount of the plaintiff's assessment so that it will be between $16 and $17 for each assessment, when the plaintiff reaches 65 years of age, in a year or two.

It seems to me that the only question is: Was this the bargain made when the plaintiff became a member of the society in 1883? If the defendant reserved a power to do this, if the agreement was that the plaintiff was willing to pay a comparatively low amount for insurance on the theory that if he died at an early age he would have the benefit of the low rate, but that if he lived to be 65 the society might increase the premium to any amount which might be necessary, why then plaintiff has no legal grievance. But clearly no such agreement was made or contemplated. If that was the plan of the organization, it should have been so stated. Judge Cullen, writing in Beach v. Maccabees, 177 N. Y. 100, 69 N. E. 281, points out the necessary definiteness, the explicit language which might have been used if there was any such intention. He says:

"So in the present case, if the certificate had provided that the payments therein specified should be subject to such modification as to the amount, terms, and conditions of payment and contingencies in which the same were payable as the endowment laws of the order from time to time might provide, the amendments would be applicable to existing members. But I think

that nothing less explicit than this appearing in the certificate itself should be effective for such purpose."

Of course the Beach Case as well as the Langan Case, 174 N. Y. 267, 66 N. E. 932, referred to an attempt on the part of the various defendants to reduce the amount to be paid in case of disability or death, and not to an increase in the' assessment; but the reasoning in one case appears equally applicable in the other.

In Wright v. Maccabees, 196 N. Y. 391, 89 N. E. 1078, the right of the defendant to increase the amount of the individual assessment was squarely presented to the Court of Appeals. In that case, the plaintiff bound himself to conform to the laws of the defendant in force at the time of his admission "now in force or that may hereafter be adopted." The plaintiff contested the rights of the defendant to increase his assessments. On the first trial, Mr. Justice Rogers, at Special Term, held that he had a vested right to continue a member upon paying the assessment mentioned in the original contract. 48 Misc. Rep. 558, 95 N. Y. Supp. 996. The Appellate Division reversed the Special Term (122 App. Div. 904, 106 N. Y. Supp. 1150) upon the authority of Mock v. Supreme Council, 121 App. Div. 474, 106 N. Y. Supp. 155; the latter case being in this department. In the Mock Case, the Appellate Division held that, because of the peculiar relation of the members of these assessment organizations, the fact that they were insurers as well as insured, the individual must have understood that changed conditions might bring about necessity for increased assessments. And so the case of Wright v. Maccabees went back for retrial, and the judgment was for the defendant. This judgment was affirmed without opinion by the Appellate Division. 128 App. Div. 883, 112 N. Y. Supp. 1150. The Court of Appeals reverses the judgment, holding that the right of the plaintiff to pay his assessment at the old rate was a vested right immune from change by amendment in the absence of a specific reservation to amend in that particular. The case of Dowdall v. Catholic Mutual Benefit Ass'n, 196 N. Y. 405, 89 N. E. 1075, is to the same effect, although the right to make new laws was not apparently reserved or attempted to be reserved in that case. But the Mock Case is referred to in the opinion of the Court of Appeals in each of the cases cited, and I think the intention of the court to reverse the doctrine laid down by the Appellate Division is apparent. So, I must find for the plaintiff.

The various arguments urged by the learned counsel for the defendant in the case at bar are discussed in the Wright and Dowdall Cases in the Court of Appeals. The conceded necessity for increased revenue is held to be no answer to the claim of the individual that his right to pay at the old rate is a vested contract right. I am free to say that the plaintiff's contention is, from some points of view, academic, because the right of the defendant to increase the number of the assessments instead of increasing the amount of each assessment does not appear to be disputed. In other words, the litigation appears to be over the question whether the plaintiff, being obliged to pay a given amount, shall pay it in 12 installments or 24. But, however that may be, plaintiff appears to be right in the principle

asserted, and he is, accordingly, entitled to judgment. On the collateral questions involved, I find that plaintiff is not barred from maintaining the action by laches; he has been protesting regularly, and, while he might have commenced his action earlier, still he had practically a new cause of action with every assessment demanded at the increased amount. Nor is he estopped by the payments made under protest, either as to the defendant who was not misled as to his position, or as to new members who must be held to be familiar with the organization, its rules and by-laws. I also hold that, although the defendant is a Massachusetts corporation, still, when it comes into the state of New York conducting business here under the supervision and permission of the state insurance department, contracts made here with residents of this state in councils organized and existing in this state and to be performed here are to be interpreted under the laws of the state of New York.

There must be judgment for the plaintiff, with costs.