(121 App. Div. 474.)

MOCK v. SUPREME COUNCIL OF ROYAL ARCANUM et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. INSURANCE — MUTUAL BENEFIT INSURANCE — CONTRACTS — AMENDMENTS — VESTED RIGHTS.

Vested contract rights of a member of a mutual benefit insurance corporation cannot be impaired under the corporation's general reserve power of amendment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1855.]

2. SAME—CHANGE OF RATES OF ASSESSMENT.

Where the by-laws of a fraternal beneficiary corporation provided expressly for extra assessments and did not limit the amount, a change in the rates of assessment necessary to preserve equality among the members was within the contemplation of the parties to the contract.

3. SAME—INTERNAL MANAGEMENT.

Questions relating purely to the internal management of the affairs of a fraternal beneficiary corporation must within reasonable limits be decided by the boards of the corporation created by it for that purpose.

4. SAME—CONTRACT RIGHTS—WHAT LAW GOVERNS.

The lex loci contractus governs in any action involving the protection or enforcement of rights growing out of the contract between a fraternal beneficiary corporation and its members.

5. COURTS—JURISDICTION OF PERSON—FOREIGN CORPORATIONS.

The courts of the state cannot compel the officers of a foreign corporation residing in another state to obey their decrees respecting the management of the affairs of the corporation.

Appeal from Special Term, Kings County.

Action by James Lawrence Mock against the Supreme Council of the Royal Arcanum and others. From the judgment, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Henry A. Powell (John Haskell Butler and Curtis H. Waterman, on the brief), for appellants.

William L. Mathot, for respondent.

MILLER, J. The judgment appealed from adjudged certain changes in the defendant's by-laws respecting the rates of assessment upon its members to be void and restrains the defendant from enforcing said amended by-laws. The defendant is a fraternal beneficiary corporation organized under the laws of the state of Massachusetts for the purpose of affording fraternal assistance to its members and establishing a "widows' and orphans' benefit fund," from which upon the death of a member a sum not exceeding $3,000 is to be paid his dependents. There is no question respecting the regularity of the proceedings leading up to and including the adoption of said amendment. The trial court held that the question was solely one of power and that the question of the expediency and necessity of said amendment was immaterial.

It appears that the original plan of assessment was not based on sound insurance principles; and it may be assumed that the plan adopted by the amendment, the enforcement of which is enjoined, does effectuate the purpose for which the defendant was organized; i. e., the furnishing of insurance to its members at cost, equitably apportioned among them. Said amendment was authorized by the laws of the state which created the defendant. Reynolds v. Royal Arcanum, 192 Mass. 150, 78 N. E. 129, 7 L. R. A. (N. S.) 1154. It may also be assumed that the amendment was necessary to perpetuate the life of the society, and the question is presented whether it so far affects the vested contract rights of the plaintiff as to require interference by the courts of this state for his protection. It is now the settled law of this state that such rights cannot be impaired under the general reserve power of amendment possessed by most societies like the defendant. Ayers v. Order of United Workmen, 188 N. Y. 280, 80 N. E. 1020. And see cases collated by Judge Vann on page 285 of 188 N. Y. and page 1021 of 80 N. E. The cases referred to all relate to changes affecting the right of the member as an insured; i. e., the amount of benefit to be paid, conditions forfeiting the benefit because of change of occupation, death by suicide while insane, and the like. It has not been decided, however, that a change in rates of assessment, which is necessary to preserve the life of the society and effectuate the purpose for which it was organized, interferes with any vested contract right of the member.

Of course, the statute under which the defendant was organized, its by-laws, the application for membership, and the certificate of membership constitute the contract between the parties; but, like any other contract, it is to receive a reasonable construction according to the

intent of the parties. The by-laws of the defendant in force at the time the plaintiff became a member did specify the regular rates of assessment; but there is no express provision that those rates should remain unchanged, and I think that, when viewed in the light of the character and purposes of the organization, no such provision should be implied. The defendant was organized upon the principle of equality and mutuality among its members, and it must have been fairly within the contemplation of the parties that changes of membership might necessitate changes in rates, in order to preserve that equality. There was nothing in the by-laws limiting the amount which any member might be assessed. On the contrary, there were express provisions for extra assessments, and, while the change complained of affects the proportionate amount which each member is required to pay, I think, if it was necessary to preserve equality among the members, it should be deemed to have been within the contemplation of the parties to the contract. Each member of the society is an insurer, as well as an insured, and I think, as an insurer, he must be deemed to have contracted to pay his just and ratable share of the amount necessary to enable the defendant to keep its contract with its members and pay their dependents the stipulated sum, and the parties should have understood that changed conditions might necessitate a readjustment of rates, and hence that the society, under the reserve power to amend its by-laws assented to by the plaintiff, could make such readjustment.

The argument that the amount of the assessment was as fixed and unalterable as the amount of benefit to be paid entirely overlooks the purpose and character of the defendant and the dual relation of its members. While the defendant probably could not destroy the plaintiff's contract by an unreasonable and arbitrary assessment, the plaintiff should not be heard to say that the defendant may not do what is necessary to preserve its life and carry out its contract to pay his dependents the sum of $3,000 upon his death.

If the by-law in question was subject to amendment under the general reserve power, as I think it was, it must be obvious that the question relates purely to the internal management of the affairs of the corporation and within reasonable limits must be decided by the legislative boards or bodies created by it for that purpose. Moreover, the law of the state of Massachusetts under which the defendant was organized is a part of the contract, and the court, competent to speak authoritatively on that subject, has said, as stated supra, that said amendment did not offend the law under which the defendant was created. It is true that the contract was made in this state, and that the lex loci contractus governs in any action involving the protection or enforcement of rights growing out of the contract, and the Court of Appeals has plainly said that, even in the case of a foreign corporation, the courts of this state may interfere by injunction to preserve contract rights (Langan v. Supreme Council, 174 N. Y. 266–270, 66 N. E. 932); but, even if the law of Massachusetts does not govern the defendant's right to amend its by-laws in the respect under consideration, there are weighty reasons, in addition to considerations of comity, why the courts of this state should follow the decisions of

that state on the question of the defendant's power to readjust its rates by an amendment to its by-laws for the purpose of perpetuating its existence.

I am unable to perceive how the court can compel obedience to all of the provisions of the judgment appealed from. It can reach the officers of the defendant residing within the state, and any property of the defendant located in the state; but it certainly cannot compel the officers of a foreign corporation residing in another state to obey its decrees respecting the management of the affairs of the corporation, and, if any case can be suggested calling for the attempted exercise of such a power, it seems to me that this is not one, and I advise that the judgment be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.