WAGNER ET AL. v. SUPREME LODGE, KNIGHTS OF PYTHIAS.

[No. 9,266.    Filed May 18, 1917.]

1. INSURANCE.—*Fraternal Benefit Insurance.—Assessments.— Right to Increase.*—Generally, a fraternal benefit society, whose laws or the contracts entered into by its members obligate them to conform to existing laws and regulations and to those that may hereafter be duly adopted, may raise the assessments of its members if the increase is equitable and necessary to meet the obligations of the society and carry out the purposes of the organization.    p. 519.

2. INSURANCE.—*Fraternal Insurance.—Action on Policy.—Complaint.—Issues.*—In an action on a fraternal benefit society's certificate of insurance, allegations in the complaint that increased assessment rates were unreasonable, arbitrary, illegal and void, that they unjustly discriminated against the older members in favor of the younger members as to the cost of conducting the society, that the cost and expense incident to the society's business does not depend on the age of the policyholder, and also showing the actual net cost of insurance at different ages according to the American experience tables of mortality and further tables in support of averments that the increased assessments were inequitable, sufficiently present the issue of the reasonableness of the increase in assessments and of their fairness as between members of different ages.    p. 520.

3. INSURANCE.—*Fraternal Benefit Insurance.—Assessments.— Right to Increase.*—Although a fraternal benefit society has the power to make such increase in rates as is reasonably necessary to enable it to meet its obligations to members holding certificates of insurance, it is not authorized to enact laws by which it adopts rates of assessment that are unnecessary to carry out the objects of the society, or which are inequitable, or which unjustly discriminate against some of the members of the society, and where rates are adopted that are unnecessary or inequitable, they are invalid and unenforceable as exceeding the reserved powers of the association.    p. 521.

4. INSURANCE.—*Contracts.—Construction.*—In construing a contract of insurance all the provisions of the instruments or laws which form any part of the contract should be considered, and, if possible, effect should be given to all of such provisions.    p. 523.

- 5. INSURANCE.—*Fraternal Insurance.—Assessments.—Increase.— Validity.*—If, in order to meet obligations in full on its benefit certificates and to carry out the purposes of the society, it becomes necessary for the society to increase the assessments of members, and the rates adopted are otherwise reasonable and equitable, they will not be rendered invalid because of a provision in the certificates limiting the amount due the beneficiaries, in certain designated contingencies, to the sum produced by one assessment of each member of the insured's class. p. 524.

6. INSURANCE.—*Fraternal Insurance.—Tender of Assessments.— Necessity.*—Where the holder of a fraternal insurance certificate was notified by the society that nothing but compliance with an increased assessment, claimed to be illegal and void, would be deemed performance and that nothing less would be received, the insured was excused from tendering the premium since the law does not require the doing of a useless and unnecessary thing. p. 525.

7. INSURANCE.—*Fraternal Insurance.—Increased Assessments.— Refusal to Pay.—Tender of Old Assessment.—Sufficiency.*— Where the insured under a fraternal insurance certificate was notified by the society that nothing but a compliance with a demand for an increased assessment, claimed by insured to be illegal and void, would be deemed performance, the society cannot complain that it did not receive the old assessment, and the offer of the insured to pay the old assessment or to allow the necessary deduction from the amount due to cover all unpaid assessments, with interest, is sufficient to keep the policy alive and prevent a forfeiture of the insurance if the beneficiaries are otherwise entitled to recover on the policy. p. 526.

8. INSURANCE.—*Fraternal Insurance.—Questions of Law.—Reasonableness of a By-law.*—The reasonableness of a by-law, rule or regulation of a mutual benefit association or of a corporation is a pure question of law when the facts are undisputed, and where the question arises on a pleading in an action on a fraternal insurance certificate, the court will consider all the facts alleged together with such reasonable inferences as may be drawn therefrom when fairly construed. p. 526.

9. INSURANCE.—*Fraternal Insurance.—Action.—Complaint.—Sufficiency.*—In an action on a fraternal insurance certificate, although the averments of the complaint were insufficient to show that there was no necessity for raising the assessment rates, allegations that such assessments unjustly discriminated against the older members in favor of younger members, that the cost and expense incident to the business did not depend on the age of the policy-holders, and also averments showing the actual net cost of insurance according to experience tables and a show-

ing of the percentage of increase at different ages from which it appeared that at the age of thirty the increase under the new rate was 240 per cent. and that at the age of fifty-seven it was 459 per cent., show that the rates adopted were inequitable and unjustly discriminated against the older members, so that it appears from the averments that such assessments were not binding upon the insured, and proof of the facts alleged will entitle the beneficiaries to a recovery under the certificate. p. 527.

10.   APPEAL.—*Final Judgment.*—In an action on a fraternal insurance certificate, the complaint being in three paragraphs, where a demurrer was sustained as to two of such paragraphs, a judgment "Come the parties and the plaintiff now elects to stand on demurrer and declines to plead over. It is therefore considered and adjudged by the court that the plaintiffs take nothing against the defendant by this action and that the defendant recover of and from the plaintiffs its costs herein laid out and expended" is a final judgment from which an appeal will lie, since it disposes of all of the issues as to all of the parties. p. 527.

From Marion Circuit Court (22,998) ; *Charles Remster,* Judge.

Action by Albert H. Wagner and others against the Supreme Lodge, Knights of Pythias. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*Guilford A. Deitch* and *Frank G. West,* for appellant.
*Ward H. Watson, James E. Watson* and *Sol. H. Esarey,* for appellee.

FELT, C. J.—This is an action by appellants against appellee to recover on a certificate of insurance issued to George M. Wagner, Sr., father of appellants, on May 25, 1885, for the sum of $1,000. Demurrers were filed by appellee to the second and third paragraphs of amended complaint and were sustained by the court. To such rulings appellants excepted, refused to plead over and elected to stand on the rulings of the court. Thereupon the court rendered judgment that plaintiffs take nothing by this action and that the defendant recover its costs. From this judgment appellants ap-

pealed and have assigned as separate error the sustaining of each of the demurrers aforesaid.

The substance of the second paragraph of complaint so far as material here is as follows: On May 25, 1885, appellee's predecessor issued to George M. Wagner, Sr., father of appellants, plaintiffs below, a certificate of membership by which it promised to pay appellants $1,000 on the death of said George M. Wagner, Sr.; that thereafter said obligation was assumed by appellee. The certificate set out in the complaint states that said Wagner received the endowment rank of the order of Knights of Pythias in section No. 3 on December 10, 1877, and is a member in good standing; that in consideration of the surrender of the certificate previously held by him and his application for the transfer to the fourth class, dated April 29, 1885, the payment of the admission fee and the further consideration of the payment hereafter of all monthly payments as required and in compliance with all the laws governing this rank now in force, or that may hereafter be enacted, the insurer will pay to the beneficiaries the sum of $1,000 upon his death while in good standing in said rank.

> "Provided, however, that if, at the time of the death of said brother, one monthly payment to the Endowment Rank by members holding an equal amount of Endowment, shall not be sufficient to pay the amount of Endowment held by said brother, the benefit to be paid in case of death shall be a sum equal to one payment to the Endowment Fund by each member holding an equal amount of Endowment. And it is understood and agreed that any violation of the within-mentioned conditions, or the requirements of the laws in force governing this Rank, shall render the certificate and all claims null and void and that the said Supreme Lodge shall not be liable for the above sum, or any part thereof."

That the insured died on May 12, 1913, and plaintiffs are his children; that written notice of death was duly given on June 3, 1913, and defendant waived proofs of death by denying liability on receipt of notice for the reason that the insured permitted his membership to lapse; that defendant is estopped to claim a forfeiture on the following grounds:    That defendant's constitution in section 1 of article 4 provides that:

"Each member of the Endowment Rank shall on presenting himself for obligation pay to the secretary of the Section in accordance with his age and the amount of endowment applied for, a monthly assessment as provided in the following table, and shall continue to pay the same amount each month thereafter as long as he remains a member of the Endowment Rank."

That under said table said Wagner was required to pay a monthly assessment of $3.60, which amount he paid "up to the time his said certificate of membership was forfeited as hereinafter more fully alleged"; that prior to August 10, 1910, the defendant ascertained that the members of the fourth class were old and their certificates were rapidly maturing; that in August, 1910, a meeting was held by defendant company for the purpose of forcing old members of the fourth class to withdraw from the society and permit their certificates to lapse, notwithstanding the provisions of the constitution and of the certificate of membership issued to such members as aforesaid, and notwithstanding the provision that said Wagner might maintain his membership on payment of $3.60 per month, and that the insurer should not be liable at his death for more than the amount produced by "one payment to the Endowment Fund by each member holding an equal amount of endowment"; that without right and in violation of its contract with said Wagner, and without his consent,

the defendant amended its constitution so as to provide among other things the following·

"Every member of the fourth class of the insurance department at the time when this statute takes effect and who continues his membership until December 31, 1910, shall pay a monthly payment for each month thereafter beginning with the month of January, A. D. 1911, monthly payments in accordance with his attained age and occupation and the amount provided for in his certificate, on January 1, A. D. 1911, as fixed by the table herein unless and until otherwise provided by enactment of the Supreme Lodge."

That by the table last above mentioned rates were established and promulgated, the first number indicating the age and the second the amount to be paid as follows:

21, $1.40; 25, $1.55; 30, $1.75; 35, $2.00; 40, $2.30; 45, $2.80; 50, $3.45; 55, $4.25; 60, $5.40; 65, $6.95; 70, $9.15; 75, $12.35; 82, $20.15.

That at the time such amendment was adopted said Wagner, Sr., was eighty-two years of age and he was thereby required to pay the sum of $20.15 instead of $3.60, for each monthly assessment; that the rates of assessment so fixed by the defendant in 1910 were unreasonable, arbitrary, illegal and void, in this, that they discriminated against the older members of the society and in favor of its younger members by burdening the older members of the society with a greater loading of the expenses of the society than was placed on the younger members. The complaint then sets out a table, using the ages above set forth, and shows: (1) The cost of insurance at the different ages under the laws of the society as amended in 1910; (2) the net premiums on $1,000 of insurance according to the American experience tables of mortality at three and a half per cent.; and (3) the element of expense or loading for each $1,000 of insurance per annum included by

the rates established and promulgated by the assessment laws enacted in 1910, based on the American experience tables of mortality, three and a half per cent. as follows:

| Age | (1) | (2) | (3) |
|-----|------|--------|-------|
| 21 | $16.80 | $13.77 | $3.03 |
| 25 | 18.60 | 15.10 | 3.50 |
| 30 | 21.00 | 17.19 | 3.81 |
| 35 | 24.00 | 19.91 | 4.09 |
| 40 | 27.60 | 23.50 | 4.10 |
| 45 | 33.60 | 28.35 | 5.25 |
| 50 | 41.40 | 34.99 | 6.41 |
| 55 | 51.00 | 44.13 | 6.87 |
| 60 | 64.80 | 56.83 | 7.97 |
| 65 | 83.80 | 74.65 | 8.75 |
| 70 | 109.80 | 99.84 | 9.96 |
| 75 | 148.20 | 135.07 | 12.53 |
| 82 | 241.80 | 223.63 | 18.17 |

It is also alleged "that the net annual premium for insurance represents the sum which will be required upon table of mortality and interest taken, less expenses to meet all policy claims as they mature; that the loading is that part of the premium added to the net premium to defray expenses of the insurer"; that on the .... day of December, 1910, the defendant demanded of said Wagner, Sr., $20.15 in payment of the assessment for the month of January, 1911, and notified him that unless the sum of $20.15 was paid as his assessment for January, 1911, his certificate of membership would be lapsed and he would be suspended from all benefits thereunder and his membership would be terminated; that said Wagner, Sr., refused to pay said increased assessment for the reason that the amount demanded was in excess of the amount for which he was liable under his contract with the defendant, and for the reason that such assessment was unreasonable, in this: that it discriminated against him and in favor of the younger members of the society by charging him

with a greater amount of expenses of the society than was charged against the younger members; that he was ready, willing, and able then and at all times to pay the assessment for which he was liable, to wit, the sum of $3.60 for each monthly assessment, and would have tendered that amount but defendant notified him that it would not be received for the assessment for January, 1911, if tendered, and that such amount on the old basis would not be received in payment of any assessment in the future; that upon the refusal of said George M. Wagner so to pay said unlawful and excessive assessment for the month of January, 1911, the defendant declared his certificate lapsed, and suspended him from membership and declared his certificate forfeited for nonpayment of such assessment; that thereafter said Wagner notified the defendant that he at all times had been and was then ready and willing to pay the full amount due from him at the rate of $3.60 per month and interest on any delinquent payments; that said Wagner, Sr., and plaintiffs have each and all performed all of the conditions of the contract of insurance on their part to be performed, but defendant has failed and refused to perform its part thereof and has refused to pay the amount due plaintiffs under said contract. Wherefore they demand judgment for $1,000 less any unpaid assessments on said certificate of membership with any interest due thereon.

The third paragraph of complaint is the same as the second, except it contains some additional averments as to the necessity, reasonableness and uniformity of the amendments of 1910. To avoid repetition as far as possible we shall consider the averments of the second paragraph above set out as a part of the third and give the substance of the additional averments. That the rates of assessment fixed by defendant in 1910 were arbitrary, illegal and void for the reason that the in-

crease was not a reasonable one to carry out the purposes and objects of the society; that there was an abuse of the power reserved in the by-laws and in the certificate issued to said Wagner, in this: that the increase discriminated against the older members in favor of the younger in the loading of the expenses charged against the older members; that the cost and expenses of investigating and adjusting death claims on individual policies does not depend upon the age of the policy-holder, but on the average is approximately the same regardless of the age of the policy-holders. The complaint then sets out certain ages and shows: (1) The original rate of assessment for each of such ages; (2) the rate under the amendments of 1910 for persons of those ages in the year 1885, on $1,000 of insurance; (3) the amount of increase; and (4) the percentage of increase, in order as follows:

| Age | (1) | (2) | (3) | (4) |
|-----|-----|-----|-----|-----|
| 30 | $1.25 | $4.25 | $3.00 | 240 |
| 34 | 1.45 | 5.40 | 3.95 | 272 |
| 40 | 1.75 | 6.95 | 5.20 | 297 |
| 45 | 2.15 | 9.15 | 7.00 | 325 |
| 50 | 2.70 | 12.35 | 9.65 | 357 |
| 57 | 3.60 | 20.15 | 16.55 | 459 |

The memorandum accompanying the demurrer with the first paragraph of complaint is in substance as follows: (1) The averments show that neither the insured nor the plaintiffs have performed the conditions of the contract to be performed by them; (2) the allegations do not show an offer to pay $3.60 for the month of January, 1911; (3) article 4 of the constitution does not estop defendant to declare a forfeiture for nonpayment of assessments according to the laws as amended in 1910; (4) defendant had authority to raise the rates without consent of the insured; (5) that failure to pay the assessment forfeited the insurance; (6) the defendant had full authority to adopt the

amendments made in 1910; (7) no facts are alleged to show that the increase in assessments was not necessary to pay the obligations of the defendant; (8) the averments do not show that the increase was not necessary to preserve the life of the defendant; or that (9) in increasing the rates defendant was guilty of any abuse of discretion.

The memorandum with the third paragraph is substantially the same as the above but it is also therein stated: (a) The facts alleged show a legal right to increase the assessments; (b) that the insured was bound by the amendments of 1910 alleged in the complaint; (c) that no facts are alleged to show the amount that could be raised by one assessment at the old rate; (d) the facts alleged are insufficient to show that the increase of rate was exorbitant, excessive or unjustly discriminatory.

This State is committed to the general doctrine that a fraternal benefit society whose laws or the contracts entered into by its members obligate them to

1. conform to existing laws and regulations and to those that may thereafter be duly adopted may raise the assessments of its members if the increase is equitable and necessary to meet the obligations of the society and carry out the purposes of the organization. *Supreme Lodge, etc.* v. *Bieler* (1914), 58 Ind. App. 550, 556, 559, 105 N. E. 244, and cases cited; *Supreme Lodge, etc.* v. *Knight* (1889), 117 Ind. 489, 496, 498, 20 N. E. 479, 3 L. R. A. 409.

In *Supreme Lodge, etc.* v. *Bieler, supra,* this court on page 559 said: "All the authorities are agreed on two general rules: (1) that under the reserved power to amend laws, rules and regulations, the benefit society may not make an amendment which will impair vested contract rights; (2) that under said reserved power, the benefit society may make reasonable and necessary

amendments to its laws, rules and regulations. The conflict arises in the class of cases to which one court applies one of the above rules, while other courts apply the other rule; that is, the courts do not agree as to what are vested rights under benefit contracts, or as to what are reasonable amendments to by-laws. The cases which we have cited to support our position all hold a reasonable, necessary and impartial increase in rates is a reasonable amendment of by-laws, under the reserved power of amendment." Again on page 561 it is said: "There is no averment in the complaint that the amendments of appellant's by-laws increasing the rate of assessment of decedent were not adopted legally and honestly, nor is there any averment that the increase was not a reasonable one to carry out the purposes and objects of the society, or that there was an abuse of the power reserved to it in the certificate issued to decedent. * * * Although the complaint shows that decedent was paying a very high rate of assessment, and discloses a sudden very large increase in that rate, in the absence of an averment that they were unreasonable, we cannot say from these facts alone, that the increase in rates was unreasonable as a matter of law."

Each paragraph of the complaint in the case at bar contains an averment that the assessment rates adopted in 1910 were unreasonable, arbitrary, illegal and void; that they unjustly discriminated against the older members and in favor of the younger members of the society in the matter of the expenses of carrying on the business of the society. It is also alleged that the cost and expense incident to the business of the society does not depend upon the age of the policy-holder, but on the average is approximately the same regardless of the age of the policy-holder. The specific allegations show not only the increase in

the assessments by the amendments of 1910 over those prior to that date, but also the actual net cost of insurance at different ages according to the American experience tables of mortality on a basis of three and a half per cent.; and the loading or expense included in the rates adopted in 1910, which at age eighty-two is shown to be $18.17, as against $3.03 at age twenty-one. The specific facts of the third paragraph also show the prevailing rates in 1885 at certain ages and the rates charged such persons at their attained ages according to the rates adopted in 1910, the total amount of the increase at the ages given, and the percentage of increase, whereby it appears that the increase at age thirty (1885) according to the rate of 1910, at the attained age, is 240 per cent., and that at age fifty-seven (the insured's age in 1885) a like comparison shows an increase of 459 per cent. These facts present the issue of the reasonableness of the assessments made in 1910 and likewise of their fairness as between members of different ages.

The society has the power to make such increase in the rates as is reasonably necessary to enable it to meet its obligations to members holding certificates of insurance issued by it, but it is not authorized to enact laws by which it adopts rates of assessment that are unnecessary to carry out the objects of the society, or which are inequitable, or unjustly discriminate against some members of the society. Where rates are adopted that are unnecessary or inequitable, they are unreasonable, invalid and unenforceable for the reason that in their adoption the society, or the governing body, which enacts them, exceeds the reserved power possessed to enact reasonable, necessary and equitable laws and regulations, including the right to change or increase assessments. *Supreme Lodge, etc.* v. *Bieler, supra,* 557, 561; *Supreme Lodge, etc.*

v. *Knight, supra,* 496, 497; *Wineland* v. *Knights of Maccabees* (1907), 148 Mich. 608, 112 N. W. 696, 700; *Ebert* v. *Mutual, etc., Assn.* (1900), 81 Minn. 116, 83 N. W. 506, 508, 509, 84 N. W. 457; *Margesson* v. *Massachusetts Benefit Assn.* (1896), 165 Mass. 262, 42 N. E. 1132; *Reynolds* v. *Royal Arcanum* (1906), 192 Mass. 150, 78 N. E. 129, 7 L. R. A. (N. S.) 1154, and notes, 7 Ann. Cas. 776; *Dowdall* v. *Catholic Mut. Benefit Assn.* (1909), 196 N. Y. 405, 89 N. E. 1075, 31 L. R. A. (N. S.) 417, and notes; *Hall* v. *Western, etc., Assn.* (1903), 69 Neb. 601, 96 N. W. 170, 171; *Supreme Ruling, etc.* v. *Ericson* (1910), (Tex. Civ. App.) 131 S. W. 92, 97, 99; *United- Benevolent Assn.* v. *Cass* (1909), 54 Tex. Civ. App. 628, 119 S. W. 123, 125; *Conner* v. *Golden Cross* (1906), 117 Tenn. 549, 97 S. W. 306, 308; *Mock* v. *Supreme Council* (1907), 121 App. Div. 474, 106 N. Y. Supp. 155, 157; *Wright* v. *Minnesota, etc., Ins. Co.* (1903), 193 U. S. 657, 24 Sup. Ct. 549, 48 L. Ed. 832, 836; *Benjamin* v. *Mutual, etc., Assn.* (1905), 146 Cal. 34, 48, 79 Pac. 517; *Strauss* v. *Life Assn.* (1900), 126 N. C. 971, 36 S. E. 352, 54 L. R. A. 605, 83 Am. St. 699, and notes.

In *Ebert* v. *Mutual, etc., Assn., supra,* the Supreme Court of Minnesota said: "But it is equally clear that neither by the contract of insurance, in contemplation of the laws of New York, the constitution and by-laws, nor from the natural, inherent power of the association, based upon the doctrine of the general good, does there exist authority to arbitrarily determine in favor of one class of members and against another class.   *   *   * The board of directors had no authority to levy such an assessment as call No. 96, and the act of the defendant in cancelling plaintiff's policy for nonpayment of the call made upon such basis was void." In the case of *Supreme Ruling, etc.* v. *Ericson, supra,* the Supreme Court of Texas said: "The cases wherein it has been

held that changes in the by-laws are not binding are where an attempt has been made to divert the funds from their original purpose; where the assessment was clearly unnecessary and unreasonable; where it was arbitrary and unjust as to a particular class of members." In *Hall* v. *Western, etc., Assn., supra,* the Supreme Court of Nebraska said: "The association is a self-governing body, and it is for its members to determine when such change is required or advisable. The courts will interfere only when such change is unfair or operates oppressively, or to the disturbance of vested rights. When it does not do that, it is reasonable within the meaning of the term as used by this court. * * * It (the amendment) operated alike on each member and gave no advantage to one over another. Such an amendment cannot be said to be unfair, nor oppressive, nor to deprive any members, whose injury, as in the present case, occurred after the adoption of the amendment, of any vested right. That being true, the amendment was a reasonable exercise of the right of the association to amend its constitution, and having reserved that right when it issued the certificate, the assured and his assignee are bound by the amendment."

The provisions of the contract limiting the amount due the beneficiaries to the sum produced by one assessment of each member of the insured's class is urged as an additional reason why the increase in assessments was unnecessary.

In construing a contract of insurance all the provisions of the instruments or laws which form any part of the contract should be considered, and, if possible, effect should be given to all of such provisions. *Supreme Lodge, etc.* v. *Knight, supra,* 496; *Miller* v *National Council* (1904), 69 Kan. 234, 76 Pac. 830, 831; 14 R. C. L. 846-848, 935, §§11-13,

109; 1 Cooley, Briefs on Ins. 627-629.  Regard should be had for the object to be attained and the general scheme or plan for carrying such object into effect. In the case at bar the object is apparent both upon the part of the society and the member.  By reason of the general plan adopted the member in a sense occupies a dual position.  He is the insured and by virtue of his membership in the society he is also the insurer. *Supreme Lodge, etc.* v. *Bieler, supra,* 557.

The obligation to conform to existing and subsequently enacted laws is not modified or annulled by the provision for his beneficiaries to accept less than the full amount of his policy in certain contingencies. The latter provision is intended to provide for emergencies, or exceptional cases, but when considered in connection with the object of the society to furnish, and the member to obtain, insurance on a mutual and equitable plan, it does not mitigate against the purpose of the company to furnish, and the member to obtain, generally, the full amount of insurance stipulated in the certificate or by-laws.  It will be presumed that, nothwithstanding the provisions aforesaid, the company contemplated furnishing, and the member intended to secure, the full amount of insurance named in the certificate.

If in order to meet such obligations in full and to carry out the purposes of the society it becomes necessary to increase the assessments of members, and the rates adopted are otherwise reasonable and equitable, they will not be rendered invalid because of the provision for beneficiaries to accept less than the full amount of indemnity in certain designated contingencies.  As bearing by analogy on the above proposition see *Supreme Ruling, etc.* v. *Ericson, supra;* 1 Cooley, Briefs on Ins. 826.

Appellee insists that in any view taken of the right

to amend by-laws and to change assessments the ruling of the trial court must be sustained because the complaint anticipates the defense of nonpayment of assessment and forfeiture of the insurance by showing that the assessments have not been paid or tendered and by failing to aver facts sufficient to avoid such defense.

The complaint charges that after adopting the amendment in 1910 changing the rate of assessments as alleged, and before the assessment for January, 1911, became due, appellee notified the insured that the old assessment of $3.60 would not be received in payment of his assessment for January, 1911, or for any assessments in the future and that his membership would be suspended and his certificate forfeited for nonpayment of his assessment if he did not pay the full amount of the assessment of $20.15 fixed by the amendments of 1910; that he was at all times ready, willing and able to pay the assessment of $3.60 when due, and would have tendered the same but for the notice of appellee that it would not be received and that he must pay the increased assessment aforesaid, and that nothing less would be received.

The law does not require the doing of a useless and unnecessary thing, and where one party notifies the other that his performance of the contract will not be accepted, he thereby renders performance by such other party impossible and excuses him from tendering performance. "An insurance company, by demanding more than it is entitled to receive, and notifying the insured that nothing but a compliance with the demand will be deemed performance, will excuse the latter from tendering the premium." *Willcuts* v. *Northwestern, etc., Ins. Co.* (1882), 81 Ind. 300, 312; *Vinton* v. *Baldwin* (1884), 95 Ind. 433, 437; *Phoenix Mutual Life Ins. Co.* v. *Hinesley* (1881), 75 Ind. 1, 12; *Mathis* v. *Thomas* (1885), 101 Ind. 119, 121; *Myers* v. *Gross*

(1871), 59 Ill. 436, 439.   In *Benjamin* v. *Mutual, etc., Assn., supra,* the Supreme Court of California said: "But the assessment being illegal and void could not affect the plaintiff's rights.   He was only required to pay legal assessments.   He was required to obtain the data upon which to correctly figure out what would be a proper amount to pay or tender, or to take chances of his tender being sufficient, if rejected, to preserve his rights.   It was the duty of the association to make a lawful assessment, and the only obligation cast upon the plaintiff under his contract was to pay it on due notice, when it was lawfully made."   Under the facts and circumstances averred, the society cannot be heard to complain that it did not receive and the member did not tender the old assessment. The offer to pay the same or to allow the necessary deduction from the amount due appellants, if anything, to cover all unpaid assessments, with interest, under such conditions, is sufficient to keep the policy alive and prevent a forfeiture of the insurance, if appellants are otherwise entitled to recover.

The question of the reasonableness of a by-law, rule or regulation of a mutual benefit association or of a corporation is a pure question of law where the facts are undisputed.   Where the question arises on a pleading as in the case at bar, the court will consider all the facts alleged together with such reasonable inferences as may be drawn therefrom when fairly construed.   1 Thompson, Corporations (2d ed.) §§1018, 1021, 1022, 1035; *Supreme Lodge, etc.* v. *Knight, supra; Hall* v. *Western, etc., Assn., supra; Supreme Ruling, etc.* v. *Ericson, supra; Conner* v. *Golden Cross, supra.*   If from such consideration of the averments of the complaint we can say that the adoption of the amendments in 1910 changing the assessments as alleged was a reasonable exercise of the

reserve power to amend the by-laws and change the rates of the society, then there was no error in sustaining the demurrers to the several paragraphs of the complaint. If the action so taken was unnecessary, or was an arbitrary and unjust abuse of the power reserved to appellee, or the rates thereby established were inequitable and unjustly discriminated against the older members of the society, then such amendments are unreasonable, invalid, and unenforceable.

The averments are insufficient to show that there was no necessity for raising the assessments in 1910, but they clearly show that the rates adopted were 9. and are inequitable, and unjustly discriminated against the older members and against said George M. Wagner, Sr. It therefore appears from the averments of each paragraph of the complaint that such assessments were not binding on said Wagner and that proof of the facts alleged will entitle appellants to recover as the beneficiaries named in the certificate held by said Wagner, Sr. Each paragraph of the complaint states a cause of action and the court erred in sustaining the demurrers thereto.

Appellee also contends that the judgment rendered in this case is not a final judgment from which an appeal will lie for the reason that the record shows 10. there was a first paragraph of complaint upon which issues were not formed and as to which no judgment was rendered; that an appeal will not lie from a ruling on a demurrer.

The judgment is not limited to the two paragraphs to which demurrers were filed, but is as follows: "Come the parties and the plaintiff now elects to stand on demurrer and declines to plead over. It is therefore considered and adjudged by the court that the plaintiffs take nothing against the defendant by this action and that the defendant recover of and from the plaintiffs

its costs herein laid out and expended." Appellee made no objection to the rendition of the judgment that "the plaintiffs take nothing against the defendant by this action." No motion was made to modify or change the judgment, which denied appellants a recovery in the action, and was against all of them as to every possible phase of their alleged cause of action.

The case is unlike those where an appeal was taken from a ruling on demurrers. Here the appellants refused to plead over and elected to stand on the rulings against them, and the court rendered judgment, not as to any particular ruling or paragraph of complaint, but that appellants take nothing by their action. The cases cited and relied on where an appeal was taken from a ruling on a pleading only are not in point. The distinction has been recognized by our Supreme Court. *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 555, 80 N. E. 541; *Starkey* v. *Starkey* (1905), 166 Ind. 140, 142, 76 N. E. 876; *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 156, 85 N. E. 1004; Elliott, App. Proc. §§85, 90, 91. In *Starkey* v. *Starkey, supra,* the Supreme Court, in considering a question similar to the one before us, said: "This language is broad enough to include Della Starkey, and in the consideration of the question now presented we are not disposed to look beyond the face of the judgment, and thereupon hold that the cause was finally terminated as to Della Starkey as well as the other defendants."

In the case at bar the judgment disposes of all the issues as to all the parties. So long as it stands appellants are effectually barred from any recovery in said action on any and all pleadings relating thereto. Appellee is not in a position to complain that the judgment is broader in its terms and gave it more relief than it was entitled to obtain had it been limited to the

rulings on the demurrers and appellants' election to stand on such rulings.

The judgment is therefore reversed, with instructions to overrule the demurrers to the second and third paragraphs of complaint and for further proceedings not inconsistent with this opinion.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ., concur.

NOTE.—Reported in 116 N. E. 91. Insurance: forfeiture of policy of beneficial association by default in dues and assessments, 52 Am. St. 574. See under (1, 3, 5) 29 Cyc 79; (2, 9) 29 Cyc 222; (4) 29 Cyc 66; (6, 7) 29 Cyc 178; (8) 29 Cyc 247.