SUPREME LODGE KNIGHTS OF PYTHIAS v. GUESS.

[No. 9,710.   Filed March 14, 1919.   Rehearing denied June 25, 1919.]

INSURANCE.—*Life Insurance.*—*Insurer's Refusal to Accept Premium.*
—*What Constitutes.*—*Necessity of Tender.*—Where the holder of
a fraternal benefit certificate of life insurance elected to accept a
certain option to pay $6.50 per month in cash and have the bal-
ance of the monthly assessment of $11.30 charged against his in-
surance, a notice received the month following such election from
the secretary of his local lodge which stated, "You will please and
send remittance on this policy at once so I can send it in, $11.30
Eleven Dollars and Thirty Cents," did not constitute a refusal on
the part of insurer to accept anything less than the full amount
of $11.30 in cash, so as to make it unnecessary for insured to
tender the $6.50 required under his option.

From Vanderburg Circuit Court; *Duncan C. Givens*, Judge.

Action by Chloe A. Guess against the Supreme Lodge Knights of Pythias. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*James P. Goodrich, Ward H. Watson, James E. Watson, Sol H. Esarey, Robert J. Tracewell* and *Robert N. Tracewell*, for appellant.
*George K. Denton*, for appellee.

REMY, J.—This action, instituted by appellee, is based on a fraternal benefit certificate of life insurance issued by appellant to William M. Guess, hus-band of appellee. The only issues properly presented by this appeal arise out of the action of the circuit court in overruling appellant's motion for a new trial. That motion contains numerous specifications, but, in our view of the case, it is necessary to consider only those which relate to the refusal of appellant's tendered instructions Nos. 5 and 7.

It appears from the evidence that for many years prior to 1911 William Guess was a member of appellant society, and held a benefit certificate in its insurance department. In August, 1910, pursuant to an amendment of its by-laws, regularly enacted, appellant rerated its members, and issued to said Guess, among others, a new benefit certificate. This certificate, which was accepted by Guess, called for a monthly assessment of $11.30 to be paid by him for the maintenance of his insurance after December, 1910; but it was further provided in appellant's amended by-laws that the member might, at his election, avail himself of a certain option, known as option H, under which he would be permitted to pay, on account of said monthly assessment, the sum of $6.50 in cash, and to have the balance charged against his insurance. On December 22, 1910, Guess elected to accept the provision of option H, and so notified appellant; but during the succeeding month he received a notice from the secretary of appellant's local lodge or section of which he was a member, which notice, omitting address and signature, was as follows:

"You will please and send remittance on this policy at once so I can send it in, $11.30 Eleven Dollars and Thirty cents. Please attend to this at once. Wishing you best of health."

Guess did not pay, or offer to pay, the assessment or any part thereof for the month of January, 1911, or for any succeeding month, and appellant thereafter treated the insurance as lapsed. Guess died on December 13, 1914, and in prosecuting this action on the benefit certificate appellee attempts to justify the

failure to pay assessments subsequently to December, 1910, on the ground that the notice above set out constituted a refusal on the part of appellant to accept anything less than the full amount of $11.30 in cash, and made it unnecessary for Guess to tender a less amount. The rule relied on would have been applicable in case of an actual refusal on the part of appellant (*Wagner* v. *Supreme Lodge, etc.* [1917], 64 Ind. App. 510, 116 N. E. 91, 96), but the notice which was sent to Guess is not susceptible of that construction. It was simply a notice and request for payment of an amount alleged to be due. It did not, in itself, operate as a refusal to accept less than the amount therein set forth. Appellant's tendered instructions Nos. 5 and 7 construed the notice as not constituting a refusal to accept the proper amount, if the same had been tendered; and, not having been covered by other instructions given, the refusal of the court so to instruct the jury was reversible error.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.